UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RONNIE POLK, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0370 AS |
| | ) | |
| INDIANA STATE PRISON, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about June 20, 2005, *pro se* petitioner, Ronnie Polk, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 25, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on June 7, 2006, which this Court has carefully examined. It is to be noted that at some point by the time of the filing of the return by the Attorney General of Indiana on January 25, 2006, the respondent was designated in this case as Cecil Davis which seems appropriate. It is useful to cite the published opinion in *Polk v. State*, 822 N.E. 2d 239 (Ind. App. 2005). An earlier opinion by the Supreme Court of Indiana is also noted. *See Polk v. State*, 683 N.E. 2d 567 (Ind. 1997)it is to be noted that with regard to the opinion of the Court of Appeals entered February 11, 2005, the Supreme Court of Indiana denied transfer on April 7, 2005.

This pair of published opinions are entitled to a statutory presumption of correctness, and the burden is on the petitioner to rebut that presumption by clear and convincing evidence under 28 U.S.C. §2254(e)(1). The petitioner here has failed to do so.

Of some basic importance here are the twin unanimous cases decided on the same day by the Supreme Court of the United States in *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002). *See also Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004). *See also Rice v. Collins*, 125 S.Ct. 969 (2006), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

As indicated by this record, the two highest courts in the State of Indiana have given close attention to issues raised by this petitioner with regard to his state conviction. This action was commenced on June 20, 2005, and this petitioner is entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988). He also amended his petition on October 6, 2005. He attempts to raise ineffective assistance of trial and appellate as well as post-conviction counsel and a Fourth Amendment claim. With regard to the Fourth Amendment claim, *see Stone v. Powell*, 428 U.S. 465 (1976).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Additionally, there

2

are limitations with regard to counsel in the post-conviction state proceedings under *Pennsylvania v. Finley,* 481 U.S. 551 (1987). There is also an obligation to raise and present the issues presented here in the first instance to the state judiciary. *Castille v. Peoples*, 489 U.S. 346 (1989). This circuit has definitely dealt with the burden to present claims in the first instance to the state court in *Verdin v. O'Leary*, 972 F.2d 1467 (7th Cir. 1992).

When one looks facially and especially at the opinion of the Supreme Court of Indiana in 1997, the four-Justice majority authored by Justice Boehm, and the very brief concurring opinion by Justice Sullivan of the state Supreme Court, one has to respect the decision of the highest court in the State of Indiana. Further, after an examination of the Court of Appeals opinion of February 11, 2005 authored by Judge Sharpnack with a separate concurring opinion by Judge Baker, one can conclude that a standing issue with regard to raising a Fourth Amendment claim was indeed considered by the Court of Appeals of Indiana. Certainly from this record, one cannot conclude that there was a failure of the state judiciary to comply with the demands of *Stone* to the extent that the state courts had an opportunity to do so.

Looking more closely at the petitioner's reply and traverse filed on June 7, 2006, once again, this petitioner seems to be arguing the constitutionality of 21 U.S.C. §645(a). That issue was carefully and unanimously considered by the Supreme Court of Indiana and the state Supreme Court got that one right.

3

The decision must be that there has been a failure to present convincing arguments with regard to 28 U.S.C. §2254, and the relief under that statute is now **DENIED. IT IS SO ORDERED**.

**DATED:** June 13, 2006

                                                **S/ ALLEN SHARP**
                                                **ALLEN SHARP, JUDGE**
                                                **UNITED STATES DISTRICT COURT**